656 So.2d 973 (1995)
STATE of Louisiana
v.
Johnny L. BAXLEY.
No. 94-KA-2982.
Supreme Court of Louisiana.
May 22, 1995.
Rehearing Denied June 22, 1995.
*975 Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Jack Peebles, Mark D. Pethke, Asst. Dist. Attys., for applicant.
John Dowling Rawls, for respondent.
MARCUS, Justice.[*]
Johnny L. Baxley was charged by bill of information with soliciting an undercover police officer with the intent to engage in oral copulation for $20.00, in violation of La.R.S. 14:89.[1] Baxley filed a motion to quash the bill of information, claiming the statute was unconstitutional on numerous grounds. After a hearing, the trial judge granted Baxley's motion to quash, finding that Baxley had standing to challenge the constitutionality of La.R.S. 14:89(A)(1), even though he was charged with violating La.R.S. 14:89(A)(2), because the two provisions were not severable, and finding that the statute violated Baxley's state constitutional right to privacy, as guaranteed by La. Const. art. I, § 5. The trial judge did not address defendant's other constitutional challenges. The state took a direct appeal to this court, as authorized by La. Const. art. V, § 5(D)(1),[2] and we reversed and remanded the case to the trial court for further proceedings. State v. Baxley, 93-2159 (La. 2/28/94); 633 So.2d 142 (hereinafter Baxley I).
In Baxley I, we held that defendant did not have standing to challenge the constitutionality of La.R.S. 14:89(A)(1), which punishes engaging in unnatural carnal copulation, because he was charged with violating La. R.S. 14:89(A)(2), which punishes solicitation of another with the intent to engage in unnatural carnal copulation for compensation. We held that the two subsections proscribe two different ways in which a person can commit crime against nature, and do not depend on each other for their meaning. Therefore, "if one subpart were found unconstitutional, the remaining portion could be severed from the offending portion." We then held:
Although the parameters of the state constitutional right to privacy in the sexual area have not been determined, ... there is no protected privacy interest in public, commercial sexual conduct. The legislature has the authority to prohibit such activity.
Baxley I, 633 So.2d at 145. Additionally, we rejected Baxley's argument that he had standing to challenge the constitutionality of La.R.S. 14:89(A)(1) because he could be convicted of attempted crime against nature under *976 that provision as a responsive verdict if the trial court finds that Baxley merely discussed uncompensated oral copulation with the undercover officer. We held that solicitation of another to commit a crime is only preparatory and is not an overt act which would support a conviction for the attempt of the crime solicited. Baxley I specifically did not reach the issue of whether La.R.S. 14:89(A)(1) violates the state constitutional right to privacy.
After remand, defendant filed a second motion to quash, challenging the constitutionality of La.R.S. 14:89(A)(2) on nine grounds.[3] After hearings, the trial judge rendered factual findings, and granted defendant's motion to quash, again finding the statute unconstitutional. Specifically, the trial judge found that the statute's penalty provision unconstitutionally discriminates against gay men and lesbians in violation of La. Const. art. I, § 3; is unconstitutionally excessive in violation of La. Const. art. I, § 20; and is an unconstitutional bill of attainder in violation of La. Const. art. I, § 23.[4] The state has taken a direct appeal to this court.
The issues presented for our consideration are whether Baxley has standing to challenge the constitutionality of the sentencing provision applicable to La.R.S. 14:89(A)(2); whether that sentencing provision is discriminatory and violates Baxley's constitutional right to equal protection of the laws; whether that sentencing provision is unconstitutionally excessive; and whether La.R.S. 14:89(A)(2) is an unconstitutional bill of attainder.[5]
La.R.S. 14:89(A)(2) and 14:89(B) provide:
A. Crime against nature is:
. . . .
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
B. Whoever violates the provisions of this Section shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
Initially, we must determine if Baxley has standing to challenge the sentencing provision of this statute since he has not been tried, convicted, or sentenced for the crime with which he has been charged. "As a general rule a party does not have standing to challenge the constitutionality of a statute unless the application of that statute adversely affects him." State v. Brown, 389 So.2d 48, 50 (La.1980). The state argues that a defendant has no standing to challenge the constitutionality of a sentence authorized under a criminal statute until he has actually been convicted and sentenced. We disagree. A defendant who has been charged with violating a criminal statute and who is therefore subject to criminal prosecution is "adversely affected" by that statute and may contest the constitutionality of the sentence authorized therein as facially excessive in violation of La. Const. art. I, § 20.
*977 Louisiana's constitution, unlike its federal counterpart, explicitly prohibits excessive sentences.[6] This court has stated "[t]he deliberate inclusion by the redactors of the Constitution of a prohibition against `excessive' as well as cruel and unusual punishment broadened the duty of this court to review the sentencing aspects of criminal statutes." State v. Goode, 380 So.2d 1361, 1363 (La.1980). Our constitution's explicit protection against excessive punishment "permits us to determine both whether the range of sentences authorized by a criminal statute is excessive ... and whether the sentence of the particular offender is excessive, though within the statutorily prescribed range." State v. Guajardo, 428 So.2d 468, 472 (La.1983) (citations omitted). This court, without discussion, has allowed defendants to challenge sentences authorized under statutes as unconstitutionally excessive in pre-trial motions to quash. State v. Brown, 94-1290 (La. 1/17/95); 648 So.2d 872, 877-78; Goode, 380 So.2d at 1363. Likewise, in State v. Dorthey, 623 So.2d 1276 (La.1993), this court allowed a defendant who was charged by a bill of information with violating the habitual offender statute to challenge the constitutionality of the range of sentences to which he was exposed under the multiple bill. Accordingly, we hold that Baxley, having been charged with violating the crime against nature statute, has standing to challenge, before trial, the constitutionality of the sentencing provision of this statute as facially excessive.[7]
Having found Baxley has standing to challenge the sentencing provision of the crime against nature statute, we now reach the merits of his constitutional claims. The trial judge held that the sentencing provision of the crime against nature statute discriminates against gay men and lesbians in violation of their equal protection rights, and thereby imposes unconstitutionally excessive punishment. In so holding, the trial judge declared La.R.S. 14:89(A)(2) unconstitutional on its face. The trial judge's holding that the sentencing provision is excessive apparently depends on his holding that the provision is discriminatory. However, these are two separate constitutional claims which we will analyze separately. We will first address the equal protection issue.
We note at the outset that the trial judge declined to find that the statute is discriminatorily applied to gay men and lesbians. During the course of making factual findings, at defendant's request to find that La.R.S. 14:89(A)(2) "is used selectively to entrap gay males," the trial judge stated "the Court makes no finding in this area, finding, in essence, that the testimony was not sufficient for the Court to find either and that the statute itself was used selectively to entrap gay males or not...."[8] Therefore, we must determine only if La.R.S. 14:89(A)(2) is unconstitutional on its face.
Generally, the state constitutional guarantee of equal protection[9] mandates *978 that state laws affect alike all persons and interests similarly situated. State v. Petrovich, 396 So.2d 1318, 1322 (La.1981). This guarantee does not, however, take from the state all power of classification. In Sibley v. Bd. of Supervisors of Louisiana State Univ., 477 So.2d 1094, 1107 (La.1985), reh'g denied, this court set forth the analysis required by the state's equal protection guarantee in the face of a legislative classification. However, in the present case, we find no legislative classification on the face of the statute. To the contrary, the statute, on its face, is neutral. It applies equally to all individuals male, female, heterosexual and homosexual. The statute punishes conductsolicitation with the intent to engage in oral sex or anal sex[10] for compensation. The statute does not single out gay men or lesbians for punishment. Rather, it punishes conduct which the state has deemed to be against the public interest. For these reasons, we hold that La.R.S. 14:89(A)(2) does not, on its face, violate the state equal protection guarantee.
A statute, though facially neutral, may still be challenged as constitutionally infirm if the challenger can prove that the statute was enacted because of a discriminatory purpose. Personnel Admin. of Massachusetts v. Feeney, 442 U.S. 256, 272, 99 S.Ct. 2282, 2292, 60 L.Ed.2d 870 (1979).[11] "`Discriminatory purpose' ... implies more than intent as volition or intent as awareness of the consequences.... It implies that the decisionmaker, in this case a state legislature, selected or reaffirmed a particular course of action at least in part `because of,' not merely `in spite of,' its adverse effects upon an identifiable group." Id. at 279, 99 S.Ct. at 2296 (citations and footnote omitted). Disparate impact upon the identifiable group, while relevant, is not dispositive of this issue. That disparate impact must be traced to a discriminatory purpose to support a claim that the statute is unconstitutional under the equal protection clause. Id. at 272, 99 S.Ct. at 2292. Given the presumption of the constitutionality of legislation which does not classify on its face, it is incumbent upon the challenger of the legislation to prove the discriminatory purpose.[12] In the present case, the record is devoid of any evidence that the crime against nature statute was enacted for the purpose of discriminating against gay men and lesbians. Therefore, the statute is not constitutionally infirm on these grounds.
The trial judge found La.R.S. 14:89(A)(2) unconstitutional on its face because it arbitrarily and discriminatorily punishes homosexuals harsher than heterosexuals. The trial judge based this conclusion on a comparison of the penalty provisions of the crime against nature statute, La.R.S. 14:89(A)(2), with those of the prostitution statute, La.R.S. 14:82.[13] A first-offense solicitation *979 of crime against nature conviction under La.R.S. 14:89(A)(2) is a felony and subjects the defendant to a fine of not more than $2,000.00 or imprisonment for not more than five years, or both. However, a first-offense solicitation of prostitution conviction under La.R.S. 14:82 is a misdemeanor and subjects the defendant to a fine of not more than $500.00 or imprisonment for not more than six months, or both. Additionally, a defendant convicted of solicitation of crime against nature is a "sex offender" as defined by La.R.S. 15:536, and such a conviction is a "sex offense" as defined by La.R.S. 15:542(E),[14] which requires the defendant to register in his home parish for ten years under the provisions of La.R.S. 15:542 and 15:544(A).[15] A solicitation for prostitution conviction is not. Although the trial judge is correct in concluding that crime against nature convictions are punished harsher than prostitution convictions, the trial judge was incorrect in concluding that these statutes facially punish homosexuals more severely than heterosexuals. Both statutes apply to heterosexuals and homosexuals equally. They simply punish two types of conduct differently. The prostitution statute punishes "indiscriminate sexual intercourse" while the crime against nature statute punishes "unnatural carnal copulation." The conduct punished by La.R.S. 14:89(A)(2) is not unique to gay men and lesbians. Heterosexuals can be, and are, convicted under this statute.[16] The punishment of one type of conduct more severely than another similar type of conduct is not, of itself, an equal protection violation. Based on the foregoing, we hold that La.R.S. 14:89(A)(2) does not facially discriminate against gay men and lesbians. The trial judge erred in holding otherwise.[17]
The next issue we must consider is whether the sentencing provision applicable to La.R.S. 14:89(A)(2) facially violates the state constitutional prohibition against excessive punishment contained in La. Const. art. I, § 20. "A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993). "A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice." State v. Lobato, 603 So.2d 739, 751 (La.1992). It is a well established principle that the legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. Dorthey, 623 So.2d at 1278; State v. Woljar, 477 So.2d 80, 81-82 (La. 1985). The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. State v. Ryans, 513 So.2d 386, 387 (La.App. 4th Cir.1987), writ denied, 516 So.2d 366 (La.1988). Courts must apply these penalties unless they are found to be unconstitutional. Dorthey, 623 So.2d at 1278.
In holding the sentencing provisions unconstitutionally excessive, the trial judge apparently agreed with defendant's claim that the maximum penalty of five years for violating La.R.S. 14:89(A)(2) is grossly out of proportion to the severity of the crime when compared to the maximum penalty of six months for a first-time violation of La. *980 R.S. 14:82, the prostitution statute. We disagree. While this comparison is relevant to the constitutional inquiry, it is not dispositive of the issue. In State v. Telsee, 425 So.2d 1251 (La.1983), this court outlined several factors which are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. This analysis is cumulative and focuses on a combination of these factors. Id. at 1253. These factors include the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions. Id. at 1253-54.
The crime against nature statute and the prostitution statute do not necessarily proscribe the same conduct. Nothing in our constitution "requires a close similarity or proportionality in penalties solely because both crimes deal with sexual immorality." Ryans, 513 So.2d at 388 (emphasis added). Furthermore, the legislature may, in its discretion, deem one form of conduct more offensive to the public's morals than another, and punish that conduct more severely. In the present case, the legislature has determined that solicitation for "unnatural carnal copulation" is more offensive than solicitation for "indiscriminate sexual intercourse." Clearly, this determination is within the province of the legislature.[18] If the definition of a crime or the penalty are not reflective of current societal values, it is for the legislature, not the courts, to reflect this change.[19] Moreover, we find it significant that La.R.S. 14:89(A)(2) imposes no mandatory minimum prison sentence or fine. The statute requires only that the sentence not exceed five years and the fine not exceed $2,000.00. For all of these reasons, we hold that the sentencing provision applicable to La.R.S. 14:89(A)(2) is not unconstitutionally excessive on its face, and the trial judge erred in holding otherwise.[20]
The final issue we must determine is whether La.R.S. 14:89(A)(2) is an unconstitutional bill of attainder.[21] The United States Supreme Court has defined such bills as "legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial...." United States v. Brown, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 1715, 14 L.Ed.2d 484 (1965). La.R.S. 14:89(A)(2) is clearly not a bill of attainder. It does not apply to easily ascertainable members of a group; it applies to everyone who engages in the proscribed conduct. In addition, it does not inflict punishment without a judicial trial. A person must be convicted of the offense after a trial by judge or jury before any punishment can be imposed. Therefore, the trial judge erred in holding that La.R.S. 14:89(A)(2) is a bill of attainder.
Accordingly, the trial judge erred in finding La.R.S. 14:89(A)(2) unconstitutional and in granting defendant's motion to quash. We must reverse.

*981 DECREE
For the reasons assigned, the judgment of the trial court sustaining the motion to quash is reversed. The case is remanded to the district court for further proceedings according to law and consistent with the views expressed herein. If defendant seeks to quash the bill of information on other constitutional grounds, in order to avoid further piecemeal litigation, the trial judge is instructed to rule on all constitutional claims before him at that time.
CALOGERO, C.J., concurs in part, dissents in part and will assign reasons.
CALOGERO, Chief Justice, concurring in part, dissenting in part.
I concur in the majority's finding that the defendant has standing to challenge the constitutionality of the sentencing provision of LSA-R.S. 14:89(A)(2) and that the statute is not an unconstitutional bill of attainder. I further agree with the majority's view that since LSA-R.S. 14:89(A)(2) only prohibits conduct without restricting itself, on its face, to homosexuals, the Legislature in passing the statute did not act in derogation of the Louisiana Constitution's equal protection guarantees. In so concurring I emphasize that the issue before this Court is the constitutionality of LSA-R.S. 14:89(A)(2), which prohibits the solicitation of another for "unnatural carnal copulation" for compensation, and not LSA-R.S. 14:89(A)(1), which penalizes "unnatural carnal copulation" in and of itself.[1]
I dissent, however, from the majority's view that the sentence which the Legislature has prescribed for a violation of LSA-R.S. 14:89(A)(2) is not excessive. Under LSA-R.S. 14:89(B), a defendant convicted of violating the solicitation provision of the "crime against nature" statute faces imprisonment "with or without hard labor, for not more than five years." It is my view that, the merits of penalizing "unnatural carnal copulation" aside, this punishment is simply unconstitutionally excessive for such a criminal solicitation statute.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits "the deliberate inclusion of a prohibition against `excessive' punishment, which has been interpreted to add a protection of individual liberty surpassing that provided by the Eighth Amendment" of the federal Constitution. State v. Perry, 610 So.2d 746, 762 (La.1992). Article I, Section 20 "gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional." State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993) (quotation omitted) (citations omitted). "This section permits us to determine both whether the range of sentences authorized by a criminal statute is excessive and whether the sentence of the particular offender is excessive, though within the statutorily prescribed range." State v. Guajardo, 428 So.2d 468, 472 (La.1983) (citations omitted).
Under our state constitution, a legislatively imposed punishment is excessive if it is "so severe as to be degrading, ... arbitrarily inflicted or unacceptable to contemporary society, disproportionate to the crime, or fail[s] to serve a penal purpose more effectively than a less severe punishment." State v. Stetson, 317 So.2d 172, 177 (La.1975). "A punishment that is disproportionate to the offense and the offender is unnecessarily severe and, therefore, excessive per se." State v. Jones, 94-0459, P. 14 (La. 7/5/94); 639 So.2d 1144, 1154. See also State v. Goode, 380 So.2d 1361, 1364 (La.1980) (striking down a statute where penal provision "can result in a sentence which is disproportionate to the severity of a particular crime").
The majority in this case seizes upon our statement in State v. Telsee, 425 So.2d 1251, 1253-1254 (La.1983), that courts should examine a variety of factors in determining whether a given sentence is disproportionate.[2] *982 After so stating the law, the majority, with little discussion, rapidly concludes that consigning an individual who solicits another for "unnatural carnal copulation" to five years in prison "[c]learly ... is within the province of the legislature." The only apparent support the majority provides for this abdication to legislative discretion is the observation, presented in an accompanying footnote, that "there is a strong historical basis for punishing the conduct proscribed by the crime against nature statute."
While I recognize that the Legislature's proscription of "unnatural carnal copulation" has been relatively unvaried since the statute prohibiting it was first enacted in 1805, I submit that the majority's reliance upon such precedent is inapposite for two reasons. First, as I have already noted the offense with which we are concerned today is that of criminal solicitation and not the prohibition against "unlawful carnal copulation" itself. Second, we are not here concerned with the "crime against nature" statute's perhaps antiquated lineage, but rather with whether the statute is sound in light of the legal precepts and principles embodied in our 1974 Constitution. When the Telsee factors mentioned by the majority are actually applied to the sentencing provision of LSA-R.S. 14:89(A)(2), the inescapable conclusion is that the Legislature's prescribed sentence range is unconstitutionally excessive.
The offense with which the defendant in this case is charged, solicitation of "unlawful carnal copulation" for compensation, "falls within that family of common law offenses known as `inchoate offenses,' those offenses such as attempt or conspiracy which are incipient to the completion of an actual offense." City of Baton Rouge v. Ross, 654 So.2d 1311 (La.1995) (Calogero, C.J., concurring) (citations omitted) (footnote omitted). As such, a mere overture or invitation by the defendant comprises the crime; whether in fact the intent to engage in "unnatural carnal copulation" ever comes to fruition is irrelevant to the solicitation offense. When we look at how our criminal code treats other such "inchoate" offenses, the disproportionate and excessive reach of LSA-R.S. 14:89(A)(2)'s penal provision is manifest.
The defendant in this case faces up to five years in prison for having solicited an undercover police officer to engage in oral sex for $20. However, if the defendant had solicited a female undercover police officer to engage in (heterosexual) sexual intercourse for that same $20, he would face only six months in prison. LSA-R.S. 14:82(A)(2). Furthermore, if the defendant had solicited that police officer to rape a small child, or to commit arson on an inhabited dwelling, or in fact to commit any other felony listed in our criminal code, if convicted he could receive no more than two years in prison. LSA-R.S. 14:28(B).[3] Finally, if the defendant had solicited the policeman to kill another human being, he would face a maximum sentence of only ten (10) years in prison, or only double the sentence he now faces for asking for $20 in return for oral sex. LSA-R.S. 14:28.1(B). Through these statutes the Legislature has espoused, and the majority endorsed, the view that solicitation for "unnatural carnal copulation" is so severe a threat to the morals of our society that it is deserving of treatment harsher than the solicitation of any other felony, save murder, found in our criminal code.
I find, in the context of this legislative sentencing scheme, that a potential sentence of five (5) years for the defendant's "offense" is so disproportionate to the severity of his offense as to be unconstitutionally excessive. The offense involved here is the solicitation of a sex act for money involving no harm or injury, or the threat thereof, to any "victim;" it is a "victimless" crime. Compare State v. Napier, 385 So.2d 776, 781 (La.1980) (looking to "severity of the crime" and "the probability of harm to its victims" in determining whether sentence unconstitutionally excessive). Any escalation of the proscribed solicitation into an encounter involving the use of force or violence to gain sexual favors is adequately proscribed under our rape and *983 extortion statutes. See also LSA-R.S. 14:329.7(B) (maximum sentence exposure for inciting a riot where there is "any serious bodily injury or any property damage in excess of five thousand dollars" is five years imprisonment). Under such circumstances, and in light of the sentencing scheme enacted by the Legislature to punish inchoate offenses in general and criminal conspiracy in particular, I find that a sentencing provision which exposes a defendant convicted only of soliciting "unnatural carnal copulation" for money to five years in prison is unconstitutionally excessive.[4]
For these reasons, although I concur in the treatment of the other issues raised by the defendant's motion to quash, I dissent from the majority's holding that the sentencing provision of LSA-R.S. 14:89(A)(2) is not unconstitutionally excessive.
NOTES
[*] Judge Henry L. Yelverton, Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dennis. Victory, J., not on panel. Rule IV, Part 2, § 3.
[1] For a statement of the facts as taken from the bill of information, police report, and pleadings, see State v. Baxley, 93-2159 (La. 2/28/94); 633 So.2d 142, 143.
[2] La. Const. art. V, § 5(D) provides, in pertinent part: "a case shall be appealable to the supreme court if (1) a law ... has been declared unconstitutional...."
[3] Defendant filed a third motion to quash in response to the state's answer to his second motion to quash. However, defendant dismissed his own third motion. Therefore, only the second motion is before us.
[4] In finding the sentencing provision discriminatory, the trial judge stated:

This Court believes that the sentencing provision then is a reflection of the State's own moral judgment. This Court believes that the sentencing provision of 14:89 then reflects the discrimination that the State now makes against people whose sexual orientation is different than mine. This Court believes that what the sentencing provision is then and amounts to is discrimination against those people whose sexual orientation is different than mine and those people who class themselves as "gay."
This Court specifically finds that those individuals are, in fact, a unique culture, that is, they represent a unique culture, that they represent a class of individuals, and that this sentencing provision then amounts to the discrimination against that particular group or class. Therefore, this Court finds again that the statute is unconstitutional.
In response to a request to clarify the ruling, the judge stated:
I find that it [the sentence] is excessive but I specifically find that it amounts towhat it does is that it works a discrimination against a group. That is what I find. I find that it amounts to a form of discrimination against a particular group or class, is what I find.
In response to defense counsel's question: "are you ruling that it is also a bill of attainder against lesbians and gay men," the trial judge stated: "Yes, I am."
[5] Our analysis of defendant's constitutional claims is focused on the state constitution, because defendant's second motion to quash alleges only state constitutional violations.
[6] La. Const. art. I, § 20 provides, in pertinent part: "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment." (Emphasis added.)
[7] The state cites two cases from this court to support its contrary position. However, we find them distinguishable. In State v. Neal, 500 So.2d 374 (La.1987), we held that the excessive sentence claim was not properly before us because defendant failed to raise it in the court below. While we did note that defendant had not been convicted or sentenced, that was not the primary reason for our holding. In State v. Cryer, 262 La. 575, 263 So.2d 895 (1972), we held that a defendant did not have standing to challenge the constitutionality of a $15,000.00 fine to which he claimed to be subject. However, that holding resulted from our conclusion that the fine was not applicable to defendant because it was enacted after he committed the crime in question.
[8] Defendant's own expert witness, Richard Magill, testified that the data on which he relied did not support the conclusion that the statute was applied discriminately to gay men and lesbians. Magill studied police records for the six year period from 1985 to 1990. While testifying that 46% of New Orleans arrests under this statute occurred in the French Quarter, and 60% of those arrested in the French Quarter were women, the expert was unable to give any information on the sexual orientation of those arrested. Therefore, the evidence in the record does not demonstrate that the law is discriminately applied to homosexuals of either gender.
[9] La. Const. art. I, § 3 provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
[10] See State v. Phillips, 365 So.2d 1304, 1306 (La.1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979), wherein this court held that unnatural carnal copulation between human beings "refers only to two specified sexual practices: sodomy (anal-genital intercourse of a specified nature ...) and oral-genital activity (whereby the mouth of one of the participants is joined with the sexual organ of the other participant)."
[11] See generally 3 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law § 18.4 (1992).
[12] In Sibley, we held that a person challenging a law which classifies on any basis other than race, religious beliefs, birth, age, sex, culture, physical condition, or political ideas or affiliations bears the burden of proving that the legislation does not suitably further any appropriate state interest. Sibley, 477 So.2d at 1107-08. A fortiori, a challenger of a statute that does not classify at all bears the burden of proving that the statute was enacted because of a discriminatory purpose. Accord Feeney, 442 U.S. at 276, 99 S.Ct. at 2294 (dispositive question is whether challenger of statute has shown that a discriminatory purpose in some way shaped legislation).
[13] La.R.S. 14:82 provides, in pertinent part:

A. Prostitution is:
(1) The practice by a person of indiscriminate sexual intercourse with others for compensation.
(2) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
B. (1) Whoever commits the crime of prostitution shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.
(2) On a second conviction, the offender shall be fined not less than two hundred fifty dollars nor more than two thousand dollars or be imprisoned, with or without hard labor, for not more than two years, or both.
(3) On a third and subsequent conviction the offender shall be imprisoned, with or without hard labor, for not less than two nor more than four years and shall be fined not less than five hundred dollars nor more than four thousand dollars.
[14] The record is unclear regarding whether the registration requirements of La.R.S. 15:542(E) would apply to Baxley. In any event, that issue is not before us. However, we assume for purposes of this opinion only that they do apply to him because, if they do not, Baxley would have no standing to challenge them as excessive. See Cryer, 263 So.2d at 897.
[15] However, a convicted sex offender may petition the court seeking relief from the duty to register. La.R.S. 15:544(B).
[16] Cf. Feeney, 442 U.S. at 275, 99 S.Ct. at 2294 (too many men negatively affected by Massachusetts' absolute veterans preference to permit an inference that the statute is but a pretext for preferring men over women).
[17] Because we find that the statute does not classify on its face or in its purpose, we do not reach the trial judge's conclusion that gay men and lesbians comprise a "unique culture."
[18] In fact, there is a strong historical basis for punishing the conduct proscribed by the crime against nature statute. Crime against nature has been punished as an offense in Louisiana since 1805. At that time, the offense carried a mandatory sentence of life in prison at hard labor. The statute was amended in 1896 to specifically include crime against nature committed "with the mouth," and to reduce the prison term to mandatory imprisonment at hard labor for not less than two nor more than ten years. The penalties were reduced to their current levels by amendment in 1942. For a comprehensive history of this statute, see State v. Bonanno, 245 La. 1117, 163 So.2d 72, 73 (1964), appeal dismissed, 380 U.S. 126, 85 S.Ct. 807, 13 L.Ed.2d 793 (1965).
[19] We also note that a review of the laws of other states with laws similar to Louisiana's crime against nature neither supports nor refutes defendant's claim that the sentence is grossly disproportionate to the offense. Some states punish the offense as a misdemeanor with minimal potential prison time, see, e.g., Ariz.Rev.Stat.Ann. § 13-1411 (1994) (class 3 misdemeanor with maximum imprisonment of thirty days); N.Y.Penal Law § 130.38 (McKinney 1994) (class B misdemeanor with maximum imprisonment of three months), while other states punish the offense as a felony with more potential prison time than Louisiana's statute, see, e.g., Okla.Stat. tit. 21, § 886 (1994) (maximum ten year imprisonment for first offense); Miss.Code Ann. § 97-29-59 (1994) (maximum ten year imprisonment).
[20] We express no opinion on whether a sentence actually imposed under this statute would be unconstitutionally excessive.
[21] La. Const. art. I, § 23 provides: "No bill of attainder ... shall be enacted."
[1] It is my continuing belief that LSA-R.S. 14:89 in toto is an unconstitutional infringement of the right to privacy guaranteed by Article I, Section 5 of the Louisiana Constitution of 1974. State v. Baxley (Baxley I), 93-2159 (La. 2/28/94), 633 So.2d 142, 146-147 (Calogero, C.J., concurring in part, dissenting in part).
[2] Like the majority, I agree that these factors are useful in determining not only whether, as in Telsee, a particular sentence is unconstitutionally excessive, but also whether a statutory sentencing provision is constitutionally infirm.
[3] Under LSA-R.S. 14:28(C), if the solicitation is of a minor by a person over seventeen (17) to commit any felony, the sentence exposure increases to five (5) years imprisonment. This is the same punishment prescribed for a violation of LSA-R.S. 14:89(A)(2), which carries no such limitation to solicitation of minors.

In addition, I observe yet another inconsistency in our criminal code where this particular offense is involved. The defendant's offense, solicitation of "unnatural carnal copulation" for compensation, is arguably also punishable under the general attempt and conspiracy statutes, as well as under the general criminal solicitation statute. LSA-R.S. 14:26-28. Were the defendant in this case charged under those statutes the maximum sentence he could receive would be two-and-a-half years in prison, or half of the sentence he faces under LSA-R.S. 14:89(B).
[4] This view is bolstered when the additional penalties which the criminal code heaps upon a violator of LSA-R.S. 14:89(A)(2) are considered. While the majority states that the applicability of Louisiana's Sexual Offender Law to this particular defendant is "unclear," there is no doubt that the Sexual Offender Law applies to most defendants accused of violating the statute after the act's effective date. See LSA-R.S. 15:536. This means that the defendant, in addition to facing up to five years in prison, may also have to deal with a multiplicity of registration and screening requirements, many of which will only begin upon his release from prison. See, e.g., LSA-R.S. 15:542. Furthermore, since the offense (unlike solicitation for prostitution) is a felony, the defendant faces the threat of sentence enhancement under the habitual offender statute should he ever be convicted of another felony. See LSA-R.S. 15:529.1.