|! CALOGERO, Chief Justice,
dissenting from the denial of the rehearing.
I would vote to grant the rehearing applications in these cases because I believe that the sentence a defendant can receive for solicitation of crime against nature is unconstitutionally excessive. The majority opinion in State v. Baxley, 94-2982, p. 10 (La.5/22/95), 656 So.2d 973, 980, made it clear that “a comparison of the punishment [for the crime at issue] with sentences imposed for similar crimes” is relevant to such a conclusion. Here, the Criminal Code permits a person found to have solicited oral or anal sex for twenty dollars to be (1) imprisoned for five years, (2) fined $2,000, (3) subjected to the Sex Offender Registration and Notification requirements of La.Rev.Stat. §§ 15:542, et seq., for ten years after release from prison, and (4) subjected to sentencing enhancement as a habitual offender under La.Rev.Stat. § 15:529.1.
In contrast, the Criminal Code only permits a person found to have solicited vaginal sex for any amount of money to be (1) imprisoned for up to six months and |g(2) fined up to $500 for a first offense. Notably, that defendant is not subject to the Sex Offender Registration and Notification requirements of the Criminal Code or the Habitual Offender Statute. Further, although a defendant can receive minimally enhanced sentences for repeat offenses, the maximum penalty allowed for solicitation of vaginal sex, regardless of the number of offenses, can never be more than imprisonment at hard labor for four years and a fine of $4,000. On the other hand, the penalty a defendant faces after a fourth conviction of solicitation of crime against nature is* imprisonment at hard labor for a term “in no event less than twenty years and not more than [the defendant’s] natural life.” La.Rev.Stat. § 15:529.1(A)(2)(e).
In my view, this great dichotomy between punishments for similar crimes “shocks the sense of justice” and leads to the conclusion that the penalties imposed for solicitation of crime against nature are unconstitutionally excessive. See State v. Lobato, 603 So.2d 739, 751 (La.1992). Therefore, for the reasons I explained in State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973 (Calogero, C.J., dissenting) and referred to in State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501 (Calogero, C.J., dissenting), I would vote to grant the rehearing applications.