_y?LOTKIN, Judge.
The issues raised by counsel in this appeal are whether the trial court erred in failing to advise the defendant at sentencing of post-conviction relief provisions and whether the sentence imposed was excessive. The pro se issues include whether the State’s witness gave perjured testimony, if the defendant received ineffective assistance of counsel, and whether the pre-sentence investigation report is inaccurate.

PROCEDURAL HISTORY

Gerard Keeley was charged by bill of information with crime against nature by solicitation, a violation of La. R.S. 14:89(2). The defendant failed to appear at his arraignment and an alias capias was issued. The defendant was arrested on the capias and at his arraignment he pled not guilty, but was remanded due to a positive drug test. The defendant was tried by a six-person jury and was found guilty as charged. The trial court ordered a pre-sentencing investigation. The trial court sentenced the defendant to forty-five months, with credit for time served.

STATEMENT OF FACTS

On the night of August 8, 2000, undercover Officer Timothy Bayard was patrolling the French Quarter in an unmarked police vehicle, investigating prostitution and related offenses. As Officer Bayard drove in the 500 block of RBurgundy Street, the defendant flagged him down. Officer Bayard pulled his car to the curb; the defendant opened the door, sat in the front passenger seat, and asked Bayard if he was a police officer. When Bayard responded negatively, the defendant reached over and touched the officer’s penis. As Officer Bayard drove down Burgundy Street, the defendant told Bayard, *667 “I normally don’t do this. I only do this when I need money”. Officer Bayard asked the defendant what he meant. The defendant responded that for twenty-five dollars, “I can suck you or you can suck me, don’t matter, so what you like best?” At that time, Officer Bayard gave a prearranged signal to the surveillance team/takedown squad, and defendant was arrested.
At trial, the defendant testified that Officer Bayard solicited him for oral sex. He explained that on the night of his arrest he was standing on the corner in the 1000 block of Burgundy Street waiting for a friend. Officer Bayard circled the block four or five times, pulled up to the curb and rolled down the window. Thinking Bayard was the friend he was waiting for, the defendant got into Bayard’s vehicle. Bayard locked the car doors, and drove down Burgundy Street. When the defendant realized his mistake, he explained to Bayard that he had been working in the French Quarter, and was trying to get back to his hotel on Tulane Avenue. Ba-yard offered to give the defendant a ride to his hotel, but also asked the defendant for sex. The defendant refused, and offered to have a drink with Bayard instead. However, Bayard was not interested in drinking, only sex. The defendant asked Bayard to stop the car so he could get out. Bayard refused and continued to drive. The defendant could not exit the vehicle because of the automatic locks on the doors. When Bayard stopped at a neighborhood convenience store, other officers arrived and arrested the defendant.
I «ERRORS PATENT
A review of the record shows no errors patent.

ASSIGNMENT OF ERROR NUMBER 1

In one assignment of error, the defendant complains that the trial court failed to advise him, as required by La. C.Cr.P. art. 930.8, of the time period in which to petition for post-conviction relief. However, the language in La.C.Cr.P. art. 930.8 C is merely precatory and does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-2330, (La.9/5/95), 660 So.2d 1189, 1201. Accordingly, this failure is not an error and requires no action on the part of this court. State v. Guy, 95-0899, (La.App. 4 Cir.1/31/96), 669 So.2d 517, 526-27. Nevertheless, in the interest of judicial economy, we note for defendant that La. C.Cr.P. art. 930.8 generally requires that applications for post-conviction relief be filed within two years of the finality of a conviction.

ASSIGNMENT OF ERROR NUMBER 2 AND PRO SE ASSIGNMENT OF ERROR NUMBER 3

In these assignments, the appellate counsel and the defendant argue that the forty-five months sentence is excessive.
La. Const, art. I, § 20 explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Brady, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir. 3/16/99); State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741. However, the penalties provided by the legislature reflect the degree to which the 14criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987). A sentence is constitutionally excessive if it makes no measurable contribution to ac *668 ceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677; State v. Webster, 98-0807, p. 3 (La.App. 4 Cir. 11/10/99), 746 So.2d 799, 801, reversed on other grounds, State v. Lindsey, 99-3266 (La.10/17/00), 770 So.2d 339.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189; State v. Robinson, 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Ross, 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762; State v. Bonicard, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
The trial court has great discretion in sentencing within the statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
| sIn sentencing the defendant in this case, the trial court noted:
That’s really the problem. That’s the problem. And that’s been the problem for some significant period of time in your life, is substance abuse. You probably started with alcohol. Then it worked its way up to crack cocaine, which is what I see the paraphernalia charge around '97.
... But in your case, unfortunately, are a third offender at least, and the law says I cannot give you a suspended sentence and place you on probation. So the question — I understand the district attorney has agreed not to multiple bill you, which is a benefit to you. But my range is now anywhere from Ó to 5 years. And in determining what I think is an appropriate sentence — and you have to keep in mind that I cannot give you probation ... I do not think that you’re necessarily entitled to probation or a suspended sentence.
But everything that you tell me says that it seems to me to be recurring theme: substance abuser, a substance abuser. The burglaries, the thefts, the bad checks.
In this case, the defendant’s arrest record, which dates back to 1972, shows, among others, arrests for theft, possession of stolen property, assault, hit and run driving, and reckless operation of a vehicle. He has two prior convictions for burglary, one DWI conviction and one conviction each for possession of drug paraphernalia and crime against nature. Additionally, in a span of five days in November 1998, the defendant wrote twenty-five worthless checks. Considering the defendant’s lengthy criminal history, his five convictions, and his proclivity to return to a life of crime, the defendant’s sentence, which is less than the maximum allowed by law, is not excessive. The trial judge was well within in his discretion in sentencing the defendant.

PRO SE ASSIGNMENT OF ERROR NUMBER 1

In this assignment, the defendant claims the evidence is insufficient to support the conviction.
*669 When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most 1 fifavorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Nevertheless, the reviewing court may not disregard its duty to consider whether the evidence is constitutionally sufficient simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s finding must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Id.
Either direct or circumstantial evidence may prove the essential elements of the crime. When circumstantial evidence forms the basis of the conviction, the elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This rule is not a separate test from the review standard established by Jackson v. Virginia, but rather it is an evidentiary guideline which facilitates appellate review of the sufficiency of the evidence. State v. Jacobs, 504 So.2d 817, 820 (La.1987). Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. Id.; State v. Hawkins, 90-1235 p. 26-27 (La.App. 4 Cir. 9/15/95), 667 So.2d 1070, 1086, writ granted on other grounds 96-0766 (La.9/13/96), 679 So.2d 97, and affirmed by 96-0766 (La.1/14/97) 688 So.2d 473.
17In this case, the defendant maintains that the evidence is insufficient because Officer Bayard gave false testimony. The jury heard Officer Bayard testify that the defendant offered to engage in oral sex for $25.00. The jury also heard the defendant’s testimony to the contrary, that Officer Bayard did the soliciting, not the defendant. Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the jury’s trial function. State v. Ancar, 97-1974 (La.App. 4 Cir.11/3/99), 746 So.2d 269, writ denied State ex rel Ancar v. State, 2000-0163 (La.6/30/00), 765 So.2d 1066. It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses to overturn a trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). When the trier-of-faet is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). It is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986). The trier of fact’s credibility determination will not be disturbed on appeal unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984).
The jury in the instant case made a credibility determination by choosing to accept Officer Bayard’s testimony over that of the defendant. There is no indica *670 tion the jury’s determination is contrary to the evidence. Thus, the evidence is sufficient to support the conviction of crime against nature by solicitation.

PRO SE ASSIGNMENT OF ERROR NUMBER 2

By this assignment, the defendant charges ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel is more properly addressed | fin an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Smith, 97-2221 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 834. Only if the record discloses sufficient evidence to rule on the merits of the claim does the interest of judicial economy justify consideration of the issues on appeal. Id. at 834-35.
The defendant’s claim of ineffective assistance of counsel is to be assessed by the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Fuller, 454 So.2d 119 (La.1984). The de-' fendant must show that counsel’s performance was deficient and that this deficiency prejudiced him. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992). Counsel’s performance is not ineffective unless it can be shown that he or she made errors so serious that he or she was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment of the federal constitution. Strickland, supra, at 686, 104 S.Ct. at 2064. That is, counsel’s deficient performance will only be considered to have prejudiced the defendant if the defendant shows that the errors were so serious that he was deprived of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 693, 104 S.Ct. at 2068. It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Jones, 99-2595 (La.App. 4 Cir. 11/8/00), 773 So.2d 234.
|flIn this case, the first of three instances of ineffective assistance cited by the defendant is the assertion that defense counsel failed to cross-examine Officer Bayard. The defendant is mistaken in this claim. The record clearly indicates that defense counsel artfully and cogently cross-examined the State’s witness.
Second, the defendant maintains that as Officer Bayard left the stand, the trial judge thanked him for “doing a good job and keeping our criminals off the streets”. The defendant claims defense counsel was ineffective in fading to object to the prejudicial remark. There is nothing in the record to indicate that the trial judge made any remark to Officer Bayard as he left the witness stand.
The third instance of ineffective assistance the defendant advances pertains to prejudice allegedly sustained as a result of defense counsel’s remark in closing argument: “If you think the offense is a crime, well he’s guilty. If you think it’s not a crime, well he’s not guilty.” The defendant maintains that defense counsel should have known the jurors believed the offense was a crime because those that did not were not empanelled. Defendant claims counsel should have stressed to the jury that if they believed the defendant’s testimony, they should find the defendant not guilty. The defendant has failed to include the transcript of closing arguments in his appeal record. Even if counsel did make *671 these comments during closing argument, this was a trial tactic and did not amount to ineffective assistance of counsel.

PRO SE ASSIGNMENT OF ERROR NUMBER 4

In a final assignment, the defendant claims the pre-sentence investigation report contained erroneous information, which he called to the trial court’s attention prior to sentencing. The contested entries in the report concerned | ^discrepancies in misdemeanor arrests and prosecutions. He argues these errors unjustly precluded his receipt of probation.
La. R.S. 14:89 B prescribes that whoever commits the offense of crime against nature:
... shall be fined not more than two thousand dollar, or imprisoned, with or without hard labor, for not more than five years, or both.
Even discounting the disputed misdemeanor entries and the absence of a provision for probation under La. R.S. 14.89 B, the fact remains that the defendant had two prior felony convictions in California, plus a 1990 Louisiana felony conviction for crime against nature. The defendant’s record shows he is at least a third offender for whom the law would not allow a suspended sentence and probation. Considering the defendant’s past criminal history, the trial court was lenient in imposing sentence. This assignment is without merit.

CONCLUSION

For the foregoing reasons, we find that the sentence imposed by the trial judge was not excessive and there is no indication that the State’s witness gave perjured testimony. Defendant received effective assistance of counsel during his trial and the pre-sentence investigation report is accurate.
Therefore, defendant’s conviction and sentence are affirmed.
AFFIRMED.