JAMES F. McKAY III, Judge.
| STATEMENT OF THE CASE
The defendant Harold J. Fleming, was charged by bill of information on August 5, 2010 with fourth-offense possession of marijuana, a violation of La. R.S. 40:966(C) and (E)(3). The defendant pleaded not guilty at his August 24, 2010 arraignment. On December 6, 2010, the trial court denied the defendant’s motion to quash alleging that La. R.S. 40:966(E) — the penalty provision for possession of marijuana — was unconstitutional under the Louisiana Constitution as imposing cruel, unusual, and excessive punishment, and under the Eighth Amendment to U.S. Constitution as imposing cruel and unusual punishment. On January 5, 2011, this Court denied the defendant’s emergency writ application re *1127 lating to that ruling.[1] On January 11, 2011, the defendant pleaded guilty as charged under State v. Crosby,[2] waived all delays, and was sentenced to eight years at hard labor, suspended, with five years active probation. In addition, the defendant was fined $1,000.00. The defendant filed a motion for appeal on February 10, 2011, which was granted that date.
12FACTS
The State alleged in the bill of information that at the time the defendant was arrested, July 23, 2010, he had previously been convicted three times for possession of marijuana. The defendant pleaded guilty to fourth offense possession of marijuana, reserving his right under Crosby to appeal the trial court’s denial of his motion to quash.
ERRORS PATENT
A review of the record reveals no errors patent on the face of the record.
ASSIGNMENT OF ERROR
The defendant argues that the trial court erred in denying his motion to quash the bill of information, the grounds of which were that La. R.S. 40:966 was unconstitutional under Louisiana Constitution art. 1, § 20 [3] and the Eighth Amendment to the U.S. Constitution[4] because “any criminal sanction for possession of marijuana for personal use is cruel [sic] unusual and excessive punishment.”
A trial court’s ruling on a motion to quash should not be disturbed absent a clear abuse of discretion. State v. Love, 2000-3347, p. 12 (La.5/23/03), 847 So.2d 1198, 1208 (“When a trial judge exercises his discretion to deny a motion to quash, he presumably acts appropriately, based on his appreciation of the statutory and procedural rules giving him the right to run his court. When ... a trial judge denies |3a motion to quash, that decision should not be reversed in the absence of a clear abuse of the trial court’s discretion.”).
Statutes are generally presumed to be constitutional, and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. State v. Hatton, 2007-2377, p. 13 (La.7/01/08), 985 So.2d 709, 719; State v. Fleury, 2001-0871, p. 5 (La.10/16/01), 799 So.2d 468, 472. To meet his burden, the party must clearly establish the unconstitutionality of the statute. State v. Muschkat, 96-2922, p. 4 (La.3/4/98), 706 So.2d 429, 432.
The defendant filed an original motion to quash on October 18, 2010, and an amended motion to quash on November 17, 2010, the latter of which obviously superseded the original one — given that the constitutional grounds were different in each. In his amended motion to quash the defendant argued that La. R.S. 40:966(E) was unconstitutional under La. Const. art. 1, § 20 and the Eighth (through the Fourteenth) Amendment to the U.S. Constitution “as any criminal sanction for possession of marijuana for personal use is cruel [sic] unusual and excessive punishment.”
The defendant’s prayer for relief at the conclusion of his memorandum in support *1128 of his amended motion to quash stated, in toto:
Since imposing criminal sanctions for possession of marijuana violates contemporary standards of decency and has no penological purpose, LA R.S. 40:966 E violates the prohibition against cruel, unusual and excessive punishment of the Louisiana Constitution Art, 1, [sic] section 20, and the United States Constitution Amendment 8 and 14. Wherefore the accused prays that the Statute be held to be unconstitutional and the bill of information filed against him be quashed.
However, in his appellate brief the defendant sets forth an alternative prayer for relief that the statute be held unconstitutional insofar as it imposes felony sanctions for possession of marijuana. This narrow alternative issue was not |4presented by the defendant to the trial court as a ground of his motion to quash, and thus is not within the scope of review on appeal. State v. Green, 2010-0454, p. 23 (La.App. 4 Cir. 3/16/11), 62 So.3d 229, 242, writ denied, 2011-0801 (La.2/10/12), 80 So.3d 476 (“An appellate court will only review issues that were submitted to the trial court.”), citing Rule 1-3, Uniform Rules of Louisiana Courts of Appeal.
The Eighth Amendment to the U.S. Constitution prohibits the infliction of “cruel and unusual punishments.” The Cruel and Unusual Punishments Clause circumscribes the criminal process in three ways: (1) it limits the kinds of punishment that can be imposed on those convicted of crimes; (2) it proscribes punishment grossly disproportionate to the severity of the crime; and (3) it imposes substantive limits on what can be made criminal and punished as such. Ingraham v. Wright, 430 U.S. 651, 667, 97 S.Ct. 1401, 1410, 51 L.Ed.2d 711 (1977). The U.S. Supreme Court has recognized the last limitation as “one to be applied sparingly.” Id. “The primary purpose of (the Cruel and Unusual Punishments Clause) has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes; .... ” Id., quoting Powell v. Texas, 392 U.S. 514, 531-532, 88 S.Ct. 2145, 2154, 20 L.Ed.2d 1254 (1968).
In the instant case, defendant’s attack on La. R.S. 40:966(E) is not directed to the method or kind of punishment imposed for the criminal violation of the statute. Rather, his argument is essentially directed to the issue of what can be made criminal and thus sanctioned as such.
The State cites and quotes Whitley v. Albers, 475 U.S. 312, 318-319, 106 S.Ct. 1078, 1083-1084, 89 L.Ed.2d 251 (1986), for the proposition that “[t]he | sCruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.” The State is correct. The Eighth Amendment’s protections do not attach until after conviction and sentence. See Graham v. Connor, 490 U.S. 386, 392, fn. 6, 109 S.Ct. 1865, 1870, fn. 6, 104 L.Ed.2d 443 (1989). The defendant has not addressed this issue.
Given that the protections of the Eighth Amendment do not attach until after conviction and sentence, the trial court properly denied the defendant’s pretrial motion to quash the indictment insofar as the ground that La. R.S. 40:966(E) was facially unconstitutional as violative of the Eighth Amendment’s cruel and unusual punishments clause. Most of the defendant’s legal analysis in his memorandum in support of his motion to quash was based on Eight Amendment jurisprudence, which analysis is moot.
*1129 As defendant’s motion to quash was based on La. Const. art. 1, § 20’s cruel and unusual punishment clause, that narrow clause must be interpreted to apply only after conviction and sentence, just as the Eighth Amendment’s cruel and unusual punishments clause — a source of La. Const. art. 1, § 20.[5] Thus, the defendant has failed to establish that the trial court clearly abused its discretion in denying his motion to quash insofar as it was based on the cruel and unusual punishment clause of La. Const. art. 1, § 20.
|fiLa. Const. art. 1, § 20, unlike the Eighth Amendment, explicitly prohibits excessive sentences. That explicit protection against excessive sentences authorizes courts to determine both whether the range of sentences authorized by a criminal statute is excessive — prior to conviction and sentence — as well as whether a sentence imposed on a particular offender is excessive, although within the statutorily prescribed range. State v. Smith, 99-0606, p. 18 (La.7/6/00), 766 So.2d 501, 515 (“Accordingly, the defendants in the consolidated cases, having been charged with violating the crime against nature statute, have standing to challenge, before trial, the constitutionality of the sentencing provisions of [La. R.S. 14:89(A)(2) ] as facially excessive.”); State v. Baxley, 94-2982, p. pp. 4-5 (La.5/22/95), 656 So.2d 973, 976 (“This court, without discussion, has allowed defendants to challenge sentences authorized under statutes as unconstitutionally excessive in pre-trial motions to quash.”).
In the instant case the defendant prayed for the granting of his motion to quash on the ground that “any” criminal sanction for possession of marijuana was unconstitutional as excessive punishment, and thus that La. R.S. 40:966(E) was unconstitutional on its face. Therefore, it follows that if a sentence of one day in parish prison, suspended, is found not to be excessive, it cannot be said that the trial court clearly abused its discretion in denying the motion to quash.
La. R.S. 40:966(E) provides, in Subsections (1), (2), and (3), respectively, that, on a first conviction for possession of marijuana the offender shall be imprisoned in the parish jail for not more than six months; on a second conviction the offender shall be imprisoned with or without hard labor for not more than five years; and on a third or subsequent conviction the offender shall be imprisoned with or without hard labor for not more than twenty years. La. R.S. 40:966 was |7enacted by Acts 1972, No. 634, § 1, and the subsections criminalizing possession of marijuana and providing penalties for first, second, and third or subsequent convictions have, except for the subsection designations, essentially remained unchanged since that time. Specifically, the terms of imprisonment provided for the respective violations are the same today as they were in 1972.
Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Every, 2009-0721, p. 7 (La.App. 4 Cir. 3/24/10), 35 So.3d 410, 417, writ denied, 2010-0929 (La.11/19/10), 49 So.3d 397. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. *1130 State v. Cassimere, 2009-1075, p. 5 (La. App. 4 Cir. 3/17/10), 34 So.3d 954, 958. A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Ambeau, 2008-1191, p. 9 (La.App. 4 Cir. 2/11/09), 6 So.3d 215, 221. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Galindo, 2006-1090, pp. 15-16 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102,1113.
The Louisiana Supreme Court has outlined several factors useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. The analysis is cumulative and focuses on a combination of factors including the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment | ¡^provided for this crime in other jurisdictions. Baxley, 94-2982, p. 10, 656 So.2d at 980; Smith, 99-0606, pp. 17-18, 766 So.2d at 515-516.
In the instant case the defendant argues, among other things, that the possession and personal use of marijuana is no more harmful to society, in terms of its adverse health effects, societal costs, etc., than the consumption of alcoholic beverages — indeed, that the personal use of marijuana is less harmful to society than the consumption of alcoholic beverages.
It is a well-established principle that the legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. Smith, 99-0606, p. 19, 766 So.2d at 515; Baxley, 94-2982, pp. 9-10, 656 So.2d at 979. The Louisiana Legislature has found it necessary for the general health and welfare to criminalize the use and possession of marijuana. See Louisiana Affiliate of the National Organization for the Reform of Marijuana Laws (Norml) v. Guste, 380 F.Supp. 404, 408 (E.D.La.1974), affirmed, 511 F.2d 1400 (5 Cir.1975) (Table), cert. denied, 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 96 (1975).
The defendant argues that the use of marijuana is widespread and that criminal penalties imposed by La. R.S. 40:966(E) have no deterrent effect. While the defendant submits that thirteen states have decriminalized first offense possession of small amounts of marijuana, at the same time he concedes that the District of Columbia and thirty-six states, including Louisiana, have misdemeanor criminal penalties for first offense possession of marijuana. Thus, accepting the defendant’s statistics, seventy-two percent of the states, including Louisiana, have misdemeanor criminal penalties for first offense possession of marijuana. This is presumptive evidence that, in terms of societal norms and values, the criminalizing Lof first offense possession of marijuana and the provision of misdemeanor criminal penalties for violations thereof is the societal norm in the United States.
It is a significant factor in reviewing a sentence for excessiveness that the criminal penalty statute imposes no mandatory minimum sentence or fine. See Smith, 99-0606, p. 21, 766 So.2d at 517 (“It is also significant that ... imposes no mandatory minimum prison sentence or fine.”); Baxley, 94-2982, p. 11, 656 So.2d at 980 (“Moreover, we find it significant that ... imposes no mandatory minimum prison sentence or fine.”).
In the instant case, not only does La. R.S. 40:966(E) impose no mandatory *1131 minimum sentence or fine for a conviction for first offense possession of marijuana— only a maximum of six months in the parish jail and/or a fine of not more than five hundred dollars — the statute does not impose mandatory minimum sentences or fines for second, third, or subsequent convictions for possession of marijuana. Further, the imposition of any sentence provided for by La. R.S. 40:966(E) may be suspended, as defendant’s was in the instant case.
Given that a majority of the Louisiana Legislature, in the exercise of its constitutional lawmáking function, apparently believes that the health and welfare of the citizens of this State require that simple possession of marijuana continue to be criminalized to deter abuse of the substance, it cannot be said that a sentence of one day in parish prison, suspended, makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, or is grossly out of proportion to the severity of the crime— e.g., that when the crime and punishment are considered in light of the harm done to society, the punishment shocks the sense of justice.
| ipThe defendant has failed to show that “any” criminal sanction for possession of marijuana — such as one day in parish prison, suspended — constitutes excessive punishment under La. Const. art. 1, § 20. Thus, he has failed to show that the trial court clearly erred in denying his motion to quash, which was based on that ground.
There is no merit to the defendant’s assignment of error.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED

. State v. Fleming, unpub., 2011-0012 (La.App. 4 Cir. 1/5/11) (Jones, Armstrong, Belsome—concurring).

. State v. Crosby, 338 So.2d 584 (La.1976).

. La. Const. art. 1, § 20, states, in pertinent part:
No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment....

.The Eighth Amendment to the U.S. Constitution states:
Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

. See State v. Jones, 94-0459, p. 13 (La.7/5/94), 639 So.2d 1144, 1153-54
Louisiana’s constitutional right' to humane treatment is embodied in LSA-Const. Art. 1, § 20, which declares that no law shall subject any person to cruel, excessive or unusual punishment. A source of this right is the Cruel and Unusual Punishments Clause of the Eighth Amendment of the federal constitution.