BARRY, Judge.
The defendant was convicted of attempted simple burglary (La.R.S. 14:62). He pled guilty as a third offender and was sentenced to four years at hard labor. He was granted this out-of-time appeal.

FACTS

Earl Duplessis heard a noise as he approached his beauty supply warehouse in New Orleans. He put a key in the door and heard sounds like boxes falling. Mr. Duples-sis got a gun from his car, entered the ware-, house, and saw the defendant. The defendant complied with Mr. Duplessis’ order to move up front with his hands raised. Mr. Duplessis called 9-1-1 and kept the defendant on the floor until the police arrived.
Mr. Duplessis and police officer Frank Oliver testified that the building had apparently been entered where a piece of plywood was torn from the exterior of the back wall and ceiling tiles had been removed. Mr. Duples-sis found nothing missing but his merchandise was in disarray and some had been moved into a stack. The defendant was searched but no stolen property, tools or weapons were found.

ERRORS PATENT

Defendant’s court-appointed counsel has requested a review for errors patent. As per State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the proceedings, the bill of information and all transcripts contained in the record.
The defendant was properly charged by a bill of information with a violation of R.S. 14:62 and the bill was signed. The defendant was present and represented by counsel at arraignment, jury selection, trial and sentencing. A review of the transcript shows that the verdict of guilty of attempted simple burglary was responsive and the State proved every essential element of the offense beyond a reasonable doubt. The sentence of four years at hard labor is legal. Our review reveals no errors patent.
Counsel complied with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted in State v. Troy Benjamin, supra. Counsel’s detailed review of the procedural history and facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because she believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. A copy of counsel’s brief was forwarded to the defendant and this Court informed him of his right to file a brief on his own behalf, which he has done.

DEFENDANT’S CLAIMS

The defendant contends that he received ineffective assistance of counsel and is entitled to a reversal of his conviction. The assignment is based on a claim that Mr. Duplessis’ testimony differed from his testimony at the preliminary hearing.
The defendant’s claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief, but if the record is complete, as in this appeal, the issue will be considered. State v. Seiss, 428 So.2d 444 (La.1983). Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel’s performance was deficient and caused prejudice. State v. James, 555 So.2d 519 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1374 (La. 1990).
To show prejudice the defendant must demonstrate that the outcome was af- *531 feeted. “The defendant must show a reasonable probability that, but for counsel’s, unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome.” State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4th Cir. 1986).
According to the defendant, at the preliminary hearing Mr. Duplessis did not say that he pulled a gun on the defendant. The defendant argues that if the jury had known of that testimony he would not have been convicted. A comparison of the relevant transcripts, however, does not support the defendant’s claim that Mr. Duplessis’ testimony was inconsistent.
Mr. Duplessis was not asked at the preliminary hearing how he caught the defendant and held him until the police arrived. The only issue was probable cause and only essential facts were elicited: the building had been broken into, the defendant was inside without authority, and merchandise was in disarray. There was no inconsistency in Mr. Duplessis’ testimony and nothing in the preliminary hearing transcript which could have impeached Mr. Duplessis’s trial testimony.
The defendant has not shown a reasonable probability that the outcome of the trial would have been different. Strickland has not been satisfied.
The defendant claims that because Mr. Duplessis did not mention his gun at the preliminary hearing, his trial testimony (though true) came as a surprise to the defense and requires a reversal in the interest of justice. However, the trial transcript does not even suggest that defendant’s counsel was unaware of the facts or in any way surprised.
This claim is without merit.
The conviction and sentence are affirmed and counsel’s motion to withdraw is granted.

CONVICTION AND SENTENCE AFFIRMED; COUNSEL’S MOTION TO WITHDRAW GRANTED.