686 So.2d 92 (1996)
STATE of Louisiana
v.
William V. HERNANDEZ.
No. 96-KA-0115.
Court of Appeal of Louisiana, Fourth Circuit.
December 18, 1996.
*93 Harry Connick, District Attorney for Orleans Parish, Susan M. Erlanger, Assistant District Attorney, New Orleans, for Appellee.
Edward Newman, Orleans Indigent Defendant Program, New Orleans, for Appellant.
Before CIACCIO and LANDRIEU, JJ., and GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Defendant, appealing his convictions on two counts of simple battery and one count of second degree battery,[1] asserts two assignments of error: (1) that he was denied effective assistance of counsel and, (2) that the State's evidence was insufficient to support the verdicts. Finding no merit to defendant's assignments of error, we affirm the convictions and sentences.
*94 On June 12, 1995 at 12:30 a.m., Renelle Hernandez, defendant's wife, after returning home from a dinner party walked into their bedroom to turn on the air conditioner. Her husband, who was in bed, became angry. When two of their daughters, Alandra, age twelve and Lia, age fourteen, came into the bedroom to speak to Mrs. Hernandez, the defendant ordered them out of the room. When they did not leave, Hernandez picked up an extension cord and hit his wife and two daughters several times. The wife and children managed to get out of that room and locked themselves in the girls' bedroom, where they stayed until the next morning. After the defendant left the house, Mrs. Hernandez called the police.
In his first assignment of error, the defendant, pro se, asserts that he was denied effective assistance of counsel at trial. In this connection Hernandez claims that his attorney entered a plea of not guilty without the defendant's knowledge of the bill of information; that the attorney neither advised defendant of his rights nor explained the complaint against him; that his attorney proposed a plea agreement on two occasions; that his attorney refused to let him pose questions to be asked of the witnesses at trial; and, finally, his attorney told defendant that he was guilty of the crimes charged.
Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing may be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Only if the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy, will the issue be considered. State v. Seiss, 428 So.2d 444, 449 (La.1983).
Because the defendant's allegations of attorney error are vague and touch upon counsel's defense strategy, this Court declines to consider the merits of his claim in this regard at this time. See State v. Allen, 94-1941, p. 8 (La.App. 1st Cir. 11/9/95), 664 So.2d 1264, 1271, writ denied, 95-2946 (La.3/15/96), 669 So.2d 433. Further, defendant may raise his claim of ineffective assistance of counsel in an application for post-conviction relief. See La.C.Cr.P. art. 924 et seq.
In his second assignment of error, Hernandez asserts that the State's evidence was insufficient to support the verdicts. In particular, defendant argues that the State failed to prove he struck the victims with the "specific intent to inflict bodily harm or injuries." He also maintains the witnesses were not credible and the alleged severity of Lia Hernandez's injuries were not established by the photographs introduced in evidence.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Heck, 560 So.2d 611 (La.App. 4th Cir.1990), writ denied, 566 So.2d 395 (La.1990). The reviewing court must consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991).

Simple Battery Convictions
In connection with the simple battery convictions, the State was required to prove that the defendant committed a battery without the consent of the victim. La. R.S. 14:35. Battery, as it pertains to this case, is defined as the intentional use of force or violence upon the person of another. La. R.S. 14:33. Simple battery is a general intent offense. State v. Comeaux, 249 La. 914, 192 So.2d 122, 125 (1966); see also La. R.S. 14:11. General criminal intent is present when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed *95 criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). Accordingly, the State was required to prove the defendant intentionally used force or violence upon the victims without their consent.
In the simple battery convictions, the victims, Renelle Hernandez and Alandra Hernandez, testified that, despite their protestations and their efforts to shield themselves, the defendant struck them repeatedly with an electrical extension cord. As a result, Renelle Hernandez suffered an "elongated contusion on her upper right arm", while Alandra suffered a "contusion or bruise to her left hand", also described as a "whelpish kind of mark." Although the defendant's mother and niece testified that they had never seen the defendant strike his children, his mother described him as a "strict father", and both witnesses admitted that they had not been present in the defendant's house on the date of the incident. The defendant's actions considered, we conclude that a general intent to use force or violence upon the victims was established by the State to sustain convictions of simple battery on Renelle and Alandra.

Second Degree Battery Conviction
In a second degree battery conviction, the State is required to prove the offender committed a battery without the consent of the victim and that he intentionally inflicted serious bodily injury. La. R.S. 14:34.1. The Supreme Court has recognized that in aggravated battery cases, the charged offense requires proof of general intent, whereas in second degree battery cases the offense requires proof of a specific intent to inflict "serious bodily harm." State v. Welch, 615 So.2d 300, 302 (La.1993) (citing State v. Fuller, 414 So.2d 306 (La.1982)). Serious bodily injury is defined as injury which involves unconsciousness, extreme physical pain, or protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. La. R.S. 14:34.1. Specific criminal intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Thus, the elements of second degree battery are as follows: (1) the intentional use of force or violence upon the person of another, (2) without the consent of the victim, and (3) when the offender has the specific intent to inflict serious bodily injury. State v. Legendre, 522 So.2d 1249, 1251 (La. App. 4th Cir.1988), writ denied, 523 So.2d 1321 (La.1988).
In Legendre, the defendant was charged with second degree battery and found guilty as charged following a judge trial. On appeal, Legendre argued that the evidence was insufficient to support the conviction. The court found otherwise. Legendre threw a glass table at the victim, then picked her up over his head and threw her to the floor. He told her that he was going to kill her. The victim testified she had been immobile after hitting the floor and claimed that she had been unconscious. She asserted she had suffered intense pain, which prevented her from working full time and which caused her to seek medical attention on three occasions. The Legendre court reasoned that the trier of fact could have properly inferred from the circumstances that the defendant had the necessary specific intent to inflict serious bodily injury upon the victim. The court concluded the State's evidence proved all the elements of second degree battery, including the fact that the defendant inflicted serious bodily injury.
In the instant case, Lia Hernandez testified that the defendant struck her repeatedly with the electrical cord despite her requests that he stop. Alandra testified that the defendant repeatedly stated "he was going to whip our ass." She explained that the defendant first went after her mother and then her sister Lia, calling Lia a "bitch." Lia related that the extension cord struck her in the face, cutting her. The defendant then struck her on the back. She said the injuries "burned." She also stated that she had been cut on the finger as she used her hand to shield her face. She noted that the skin on her finger "peeled all the way back." She also explained that the defendant had struck her on a previous occasion, *96 hitting her in the face when she burned something while cooking. In oral argument, defense counsel suggested that the defendant was disciplining his daughters so that they would not become pregnant out of wedlock.
Detective Aaron Blackwell, one of the investigating detectives, described Lia as having the most injuries: a cut to her nose, one to her shoulder, and one to her finger. He also identified the pictures taken of the injuries sustained by Lia. On cross-examination, the witness described one of her injuries as a "laceration" to the corner of the right eye and nose area. Officer Kevin Guillot[2] also described one of Lia's injuries as "an elongated laceration in which the skin was broken on her upper left shoulder blade."
The term "extreme physical pain" as used in the statute refers to "a condition which most people of common intelligence can understand; it is considered subjective in nature and susceptible to interpretation." State v. Legendre, 522 So.2d at 1251 (quoting State v. Thompson, 399 So.2d 1161, 1168 (La.1981)).
Viewing the testimony and exhibits in a light most favorable to the prosecution, this Court concludes that any rational fact-finder could have properly inferred from the defendant's actions toward Lia that he had the specific intent to inflict serious bodily injury upon her. Having so concluded we find no merit to defendant's second assignment of error.
Defense counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). His detailed review of the procedural history and facts of the case indicates a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the defendant, and this Court informed the defendant that he had the right to file a brief on his own behalf, which he did.
In accordance with State v. Benjamin, this court has performed an independent review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The appellant was properly charged by bill of information with three violations of La. R.S. 14:34, and the bill was signed by an assistant district attorney. The appellant was present and represented by counsel at arraignment, jury selection, trial, and sentencing. As noted above, the State proved beyond a reasonable doubt every essential element of both simple battery and second degree battery.
Finally, we find no error in the imposition of the six months sentences at hard labor on the simple battery convictions and the five years sentence at hard labor on the second degree conviction. Independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the appellant's convictions and sentences are affirmed. Defense counsel's motion to withdraw is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] The defendant was charged with three counts of aggravated battery. He was sentenced to serve six months at hard labor on each of the two simple battery convictions, the sentences to run concurrently. He was also sentenced to serve five years at hard labor on the second degree battery conviction and that sentence was suspended and defendant was placed on supervised probation and special conditions for the five year term.
[2] Officer Guillot and his partner were dispatched to the Hernandez' home to investigate a complaint of domestic violence. There is photographic evidence in the record to support the officers' testimony.