DAVID S. GORBATY, Judge.
11 Sean Cassimere appeals his sentence rendered after a remand for resentencing. For the following reasons, we affirm the sentence.
STATEMENT OF CASE AND FACTS:
The defendant was charged with one count of armed robbery, for which he was found guilty and sentenced to serve fifteen years at hard labor. Defense counsel filed a motion for new trial, motion to reconsider sentence and a motion for a post-verdict judgment of acquittal. All were denied by the trial court. Defense counsel also filed a motion for appeal.
This Court considered the appeal, in which the sole assignment of error was that the sentence was excessive. Judge McKay, writing for the majority, vacated the sentence, finding that the trial court had failed to consider mitigating circumstances when sentencing the defendant. Judge Kirby dissented stating that it was clear from the record (and the majority opinion) that any mitigating circumstances had been considered by the trial court and, therefore, the sentence should be affirmed.[1]
On May 5, 2008, the Fourth Circuit Court of Appeal issued an order directing the trial court to re-sentence the defendant within sixty days.[2]
On October 27, 2008, Mr. Cassimere was resentenced. The trial court reimposed the fifteen-year sentence and ordered that it be served without benefit of probation, *956 parole, or suspension of sentence. The trial court further ordered that the |2sentence be served concurrently with any other sentence, and that the defendant receive credit for time served. The trial court stated:
Okay. He now comes before the court for a re-sentencing pursuant to a split decision by the Court of Appeals, with McKay and Love making up the majority and Kirby, making up the minority and publishing a written dissent. Since I have had the opportunity to review this record, I do have a recollection of this case; however, I don’t remember a hundred percent of what happened in this case. I do remember that the victim had pulled up in front of a home in a van. He had money in his pocket and Mr. Cassimere walked up to him, threatened to kill him, took his money and took his van. When I imposed the sentence initially, I did take into account his youth as being 19-years-old. I also took into account his homelessness, and the fact that he allegedly was trying to take his daughter to a homeless shelter. However, homelessness and youth does not excuse threatening to kill a person to take their transportation ... And unlike the majority opinion in this case, I respectfully disagree that mere youth and homelessness should mitigate against a sentence any less than the fifteen years.
* * *
I find that he used a firearm in connection with the perpetration of this offense and I have also taken into consideration the mitigating circumstance of his youth. However, unlike Judge Love and Judge McKay, this court does not find 'that homelessness is a mitigating circumstance that would justify this court in reducing an already extremely lenient sentence any further down than it is.
On March 23, 2009, this Court issued an order directing the trial court to grant the defendant an out-of-time appeal, and the trial court appointed the Louisiana Appellate Project to represent him.
ASSIGNMENT OF ERROR 1:
The defendant argues that his defense counsel’s failure to object to the ex-cessiveness of the fifteen year sentence or to file a motion to reconsider sentence at the October 27, 2008 resentencing constituted ineffectiveness.
|sTo establish ineffectiveness under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant bears the burden of demonstrating that the required factors as elucidated were present. Our Court was faced with the issue of ineffectiveness in State v. Bienemy, 483 So.2d 1105, 1106-1107 (La.App. 4 Cir.1986), and cited the Strickland two-pronged test:
A two-pronged test to assess effectiveness of counsel was enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984);
First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
*957 The defendant must show a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Strickland v. Washington, supra; State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984).
See also State v. Comeaux, 93-0731 (La.App. 4 Cir. 1/13/94), 631 So.2d 529, 531, quoting State v. Bienemy, supra.
In State v. Wilson, 99-3151, pp. 7-8, (La.App. 4 Cir. 11/8/00), 773 So.2d 222, 227, this Court explained:
To carry his burden of proof on this claim [ineffective assistance of counsel], a defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 693, 104 S.Ct. at 2068. However, if an alleged error results from a reasonable strategic decision, counsel’s performance will not be considered deficient on that basis. State v. Brooks, 505 So.2d 714, 724(La.), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
Defendant argues that trial counsel at the resentencing hearing misread the opinion of this Court vacating the original sentence, and remanding for resentencing. He contends that trial counsel believed the case was remanded solely for the judge to state his reasons for rendering the fifteen-year sentence. Thus, because of the misreading of the earlier opinion and its dictates and the misinterpretation by the trial judge, trial counsel did not properly advocate for defendant. Defendant argues that trial counsel should have motioned for a reconsideration of the sentence to preserve the defendant’s right to appeal. Contrary to the defendant’s assertions, the remand was ordered because this Court opined that the trial court had failed to consider mitigating circumstances, i.e., the defendant’s homelessness, his youth, and the fact that he needed to find shelter for himself and his daughter. At the resen-tencing, the trial judge clearly stated that he had and did again consider the mitigating circumstances.
Defendant argues that he can show that but for the legal deficiency created by his trial counsel, his original sentence of fifteen years would have changed on appeal because it was excessive.
We find this assignment of error merit-less because counsel’s failure to move for a reconsideration of sentence would not have changed the judge’s sentence. The judge reconsidered the mitigating circumstances and clearly would not have | ^rendered a different sentence. However, in the event of further review, we will discuss defendant’s second assignment of error.
ASSIGNMENT OF ERROR 2:
Defendant asserts that the fifteen-year sentence for armed robbery is excessive under the circumstances of this case. An armed robbery conviction carries a possible sentence of ten to ninety-nine years at hard labor, without the benefit of parole, probation or suspension of sentence. The court resentenced defendant to fifteen years, only five years more than the mandatory minimum.
In State v. Landry, 03-1671, pp. 7-9 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240, this Court set forth the standard for reviewing an excessive sentence claim:
La. Const, art. I, § 20 explicitly prohibits] excessive sentences. State v. Baxley, 94-2982, p. 4 (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence *958 may still violate a defendant’s constitutional right against excessive punishment. State v. Francis, 96-2389, pp. 6-7 (La.App.4Cir.4/15/98), 715 So.2d 457, 461. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley supra. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 10, 656 So.2d at 979.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. If adequate compliance with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Bonicard, 98-0665, p.3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
However, in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819 this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resen-tencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
In State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:
On appellate review of sentence, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
17Here, the trial court resentenced the appellant to serve fifteen years at hard labor. The defendant argues, as he did in his first appeal, that this sentence is excessive nonetheless because the trial court did not take into account that he was only a teenager and was homeless at the time the crime occurred. At the original sentencing, the judge did not articulate reasons for the sentence imposed, but did state *959 that he was aware from the trial testimony that the appellant was nineteen at the time of trial, that he was homeless, and that he had been asked to leave one homeless shelter because he tried to take his young daughter inside the men’s dormitory. The judge reiterated his awareness of these factors at resentencing. The facts of the case show that the defendant drew a gun and robbed the victim of money and goods, forcing the victim to flee his van under the threat of being shot. Whether the defendant was outside the van or inside the van is of no moment. Likewise the location of the armed robbery is not relevant to sentencing. These “faulty” facts are a distinction without a difference. We also note that the defendant did not appeal his conviction in his first appeal. Accordingly, we find that the trial court did not abuse its discretion by imposing the fifteen-year sentence, which was only five years over the minimum sentence. Indeed, in State v. Smith, 01-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4, the Court noted that the defendant’s forty-year sentence was “within the thirty-five to fifty-year range this Court has found acceptable for first offenders convicted of armed robbery. State v. Thomas, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50; State v. Augustine, 555 So.2d 1331, 1332 (La.1990) and the cases cited therein.” The defendant’s excessive sentence claim has no merit.
| ¡Accordingly, we find that trial counsel’s failure to move to reconsider the sentence did not constitute ineffective assistance of counsel, and that the sentence imposed is not excessive. The sentence is affirmed.
SENTENCE AFFIRMED.

. State v. Cassimere, 05-0063 (La.App. 4 Cir. 7/27/05), 906 So.2d 757 (unpub.)

. While we are aware that Hurricane Katrina occurred shortly after this case was remanded for resentencing, we are unaware of why it took three years to resentence the defendant.