DENNIS R. BAGNERIS, SR., Judge.
|TThe defendant, Samuel Mack, Jr., appealed his conviction and sentence for second degree murder, in violation of La. R.S. 14:30.1. This Court reversed the defendant’s conviction, reasoning that the circumstantial evidence upon which defendant’s conviction was based was insufficient to convict.[1] However, the Supreme Court reversed; reinstated the defendant’s conviction and sentence; and remanded the matter to this Court to address defendant’s remaining claims of trial error that were not considered in his original appeal.[2] Finding that defendant’s *1286 other errors lack merit, upon remand, we affirm defendant’s conviction and sentence.
DISCUSSION
In addition to claiming that the evidence was insufficient to convict, defendant’s other assignments of error argued that the trial court erred in admitting multiple gory crime scene photos wherein the probative value was substantially outweighed by their prejudicial effect; the trial court erred in denying defendant’s ^motion to declare La. C.Cr.P. art. 782(A) unconstitutional; and that defendant’s sentence was unconstitutionally excessive.[3] We shall first consider defendant’s claim that the trial court erred in permitting the State to introduce into evidence multiple photographs of the victim’s body.

Introduction of Photographs

The Louisiana Supreme Court set forth the following applicable law in State v. Magee, 2011-0574, pp. 54-55 (La.9/28/12), 103 So.3d 285, 323, to determine the admissibility of photographs:
“Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing, or place depicted.” State v. Sepulvado, 93-2692, p. 7 (La.4/8/96), 672 So.2d 158, 164. A district court’s ruling with respect to the admissibility of photographs will not be overturned unless it is clear the prejudicial effect of the evidence outweighs its probative value. State v. Maxie, 93-2158, p. 11 n. 8 (La.4/10/95), 653 So.2d 526, 532 n. 8.
Even when the cause of death is undisputed, the state is entitled to the moral force of its evidence and postmortem photographs of murder victims are admissible to prove corpus delicti, to corroborate other evidence establishing cause of death, as well as the location and placement of wounds, and to provide positive identification of the victim. State v. Koon, 96-1208, p. 34 (La.5/20/97), 704 So.2d 756, 776; State v. Watson, 449 So.2d 1321, 1326 (La.1984); State v. Kirkpatrick, 443 So.2d 546, 554-55 (La.1983). Photographic evidence will be admitted unless it is so gruesome that it overwhelms jurors’ reason and leads them to convict without sufficient other evidence. Koon, 96-1208 at 34, 704 So.2d at 776. The admission of “gruesome photographs is not reversible error unless it is clear that their probative value is substantially outweighed by their prejudicial effect.” State v. Broaden, 99-2124, p. 23 (La.2/21/01), 780 So.2d 349, 364, quoting State v. Martin, 93-0285, pp. 14-15 (La.10/17/94), 645 So.2d 190, 198.
In Magee, the Louisiana Supreme Court noted that the probative value of the photographs at issue in that case distinguished them from those in State v. Morris, 245 La. 175, 157 So.2d 728 (1963), which, the Court stated, had been “the only case reversed by this court on grounds of the improper introduction of gruesome | ^photographs.” Magee, 2011-0574, p. 55, 103 So.3d at 323. The court noted that Morris involved “the gratuitous introduction of ‘gruesome and ghastly’ photographs depicting the progress of an autopsy in an ‘increasingly grotesque and revolting manner.’ ” Id., quoting Morris, 157 So.2d at 730.
The prejudicial versus probative tension in the admission of evidence is set forth in La. C.E. art. 403, which states, in pertinent part, “[although relevant, evidence may be excluded if its probative value is *1287 substantially outweighed by the danger of unfair prejudice,.... ” (emphasis added). “Unfair prejudice” as used in La. C.E. art. 403 means that “the offered evidence has ‘an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.”’ Author’s Note (3), La. C.E. art. 403, Handbook on Louisiana Evidence Law, Pugh, Force, Rault & Triche, p. 380 (2011).
In the instant case, the record reflects that defense counsel objected to three of four photos on the ground that the three were duplicitous of one photo and only served to prejudice defendant. The State did not voice any response to defense counsel’s assertions. The trial court stated that it did not find that the prejudicial nature of the photos outweighed their probative value and overruled defendant’s objection.
Defendant argues that the probative value of the “multiple, virtually identical, gory crime scene photographs” in a weak circumstantial homicide prosecution served no probative purpose, and that the introduction of the multiple photos served “no other purpose than to prejudice the jury by appealing to their [sic] emotions.” Thus, defendant concludes that “it was error to admit multiple photographs.”
LHowever, at no point did defense counsel argue or suggest that any of the four photos was gory or gruesome; instead, counsel merely asserted that the three objectionable photos were duplicitous of the photo to which the defense lodged no objection. Defendant cites no authority for the proposition that duplicitous crime scene photos of a deceased victim, wherein the photos have not been deemed gory or gruesome, are unfairly prejudicial simply because they are duplicitous.
Defendant also does not cite any authority for the proposition that a photo of a deceased victim is per se gory or gruesome. This Court does not dispute that crime scene photos of a homicide victim can be unsettling and disturbing. Notwithstanding, even if we accept defendant’s argument that the objectionable photos were duplicitous and had minimal probative value, defendant does not show that the slight probative value was substantially outweighed by the danger of unfair prejudice. In particular, defendant does not support that the admission of the photos had an “undue tendency” to suggest that the jurors convict defendant on an improper basis. Accordingly, we find no merit to this assignment of error.
Constitutionality of La.CO. P. art. 782(A)
In this assignment of error, defendant argues that La.C.Cr.P. art. 782(A)[4] is unconstitutional under the Sixth and Fourteenth Amendments to the U.S. Constitution “to the extent that it allows for a non-unanimous verdict for second |r,degree murder.” In the present matter, defendant was convicted by a non-unanimous verdict of eleven to one. In support of this position, defendant calls Louisiana the “only place in the nation where a defendant can be sentenced to life without parole as a result of a conviction by a non-unanimous jury.” However, this specific issue — to declare La. C.Cr.P. art. 782(A) and La. Const, art. I, § 17(A) unconstitutional insofar as they provide for conviction in non-capital felony cases by a non- *1288 unanimous jury verdict — was not raised as a ground in a written motion filed by defendant or the convicted shooter, Ortiz Jackson. Therefore, this issue has not properly been preserved for appellate review.
However, even if the matter were properly reserved for review, our present jurisprudence provides that non-unanimous verdicts in noncapital felony cases do not violate the Sixth and Fourteenth Amendments. Defendant makes no persuasive argument that non-unanimous verdicts in noncapital felony cases calling for mandatory life sentences without parole upon conviction call for a different result. Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); McDonald v. City of Chicago, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)(recognizing Apodaca’s continuing viability[5]); State v. Bertrand, 2008-2215 (La.3/17/09), 6 So.3d 738; State v. Curtis, 2011-1676 (La.App. 4 Cir. 3/13/13), 112 So.3d 323. Accordingly, this assignment of error is without merit. Excessive Sentence
In this assignment of error, defendant maintains that his sentence is unconstitutionally excessive as applied to the facts of his case.
|fiThe State correctly argues that defendant failed to preserve his right to review of this issue because he failed to file a motion to reconsider his sentence or otherwise object to the sentence. See State v. McCarthy, 2012-0342, pp. 3-4 (La.App. 4 Cir. 3/27/13), 112 So.3d 394, 396-97. (“A review of the record indicates that the defendant failed to preserve for review the issue of an excessive sentence. Prior to appealing an excessive sentence, a motion to reconsider sentence must be filed within thirty days of sentencing as required by La.C.Cr.P. art 881.1. In addition, this Court has held that the failure to file a motion to reconsider sentence or to object to the sentence at the time it is imposed precludes a defendant from raising a claim about his sentence on appeal.”)(Footnote omitted). Again, however, in the event this Court were to consider the substance of his excessive sentence argument, this assignment of error lacks merit.
La. Const, art. I, § 20 explicitly prohibits excessive sentences. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Every, 2009-0721, p. 7 (La.App. 4 Cir. 3/24/10), 35 So.3d 410, 417. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. State v. Cassimere, 2009-1075, p. 5 (La.App. 4 Cir. 3/17/10), 34 So.3d 954, 958. A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Ambeau, 2008-1191, p. 9 (La.App. 4 Cir. 2/11/09), 6 So.3d 215, 221. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense 17of justice. State v. Galindo, 2006-1090, pp. 15-16 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102, 1113.
In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1 and whether the sentence is warranted under the facts established by the record. State v. Wiltz, 2008-1441, p. 10 (La.App. 4 Cir. *1289 12/16/09), 28 So.3d 554, 561. If adequate compliance -with La.C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious offenders. State v. Bell, 2009-0588, p. 4 (La.App. 4 Cir. 10/14/09), 23 So.3d 981, 984.
However, even where there has not been full compliance with La. C.Cr.P. art. 894.1, resentencing is unnecessary where the record shows an adequate factual basis for the sentence imposed. State v. Stukes, 2008-1217, p. 25 (La.App. 4 Cir. 9/9/09), 19 So.3d 1233, 1250, citing State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819. Further, La.C.Cr.P. art. 881.4(D) expressly states that an “appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.”
In the instant case, defendant essentially argues that his sentence is unconstitutionally excessive because he “was convicted on weak circumstantial evidence” as a principal, and because the mandatory life sentence at hard labor without the possibility of parole, probation, or suspension of sentence eliminates the possibility of rehabilitation.
lsDefendant cites no authority for the proposition that a review for excessive sentence entails consideration of the weight of the evidence upon which his conviction rests. In this case, it has been determined that the evidence was legally sufficient to convict the defendant of second degree murder. The mandatory life sentence for second degree murder reflects the degree to which such an offense is an affront to society and ensures that defendant will never be on the street to perpetrate another such crime. In contrast, defendant does not cite a single case where a mandatory life sentence imposed on a defendant convicted of second degree murder was found to be unconstitutionally excessive on appellate review.
Considering the totality of the facts and circumstances, we cannot say that the sentence makes no measurable contribution to acceptable goals of punishment; that it is nothing more than the purposeless imposition of pain and suffering; that it is grossly out of proportion to the severity of the crime; or that the sentence shocks the sense of justice when the crime and punishment are considered in light of the harm done to society. Accordingly, there is no merit to this assignment of error.
CONCLUSION
Wherefore, based on the forgoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. See State v. Mack, 12-0625 (La.App. 4 Cir.5/10/13) (upub’d).

. State v. Mack, 13-1311 (La.5/7/14), 144 So.3d 983.

. The facts of this case may be referenced in State v. Mack, 12-0625 (La.App. 4 Cir. 5/10/13) (unpub’d).

. La.C.Cr.P. art. 782(A) states:
Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

. This is contrary to defendant's assertion in his brief that "McDonald effectively overrules the Apocado [sic] decision.”