| STATE OF LOUISIANA | * | NO. 2022-KA-0412 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ROBERT J. HARRIS JR. | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 548-581, SECTION "E"
Judge Rhonda Goode-Douglas,
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Pro Tempore James F. McKay, III)

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

     COUNSEL FOR DEFENDANT/APPELLANT


Jason Rogers Williams
District Attorney
Brad Scott
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE

**CONVICTIONS AFFIRMED; SENTENCE
VACATED; AND REMANDED**

**OCTOBER 26, 2022**

This is a criminal case. Robert J. Harris, Jr. ("Defendant") appeals his convictions[1] and sentence for second degree battery and simple battery. For the following reasons, we affirm Defendant's convictions, vacate Defendant's sentence, and remand this matter for resentencing.

## PROCEDURAL HISTORY

On March 5, 2020, Defendant was charged by bill of information with second degree battery and simple battery. Defendant subsequently waived his right to a jury trial and elected to be tried by the judge.

The case proceeded to trial on December 8, 2021. At the conclusion of the presentation of the State's case, Defendant moved for an acquittal on the simple battery count. The district judge deferred ruling on the motion until such time as she had the opportunity to again review the video footage of the incident. After the defense presented its case, the court denied the motion for acquittal. At the conclusion of the trial, the district court found Defendant guilty as charged on both counts.

---

[1] Although in his motion for appeal, Defendant "move[d] [the district court] to grant him an appeal of his conviction and sentence," Defendant's appellate brief contains no assignment of error or legal argument relating to his convictions.

2

A sentencing hearing was conducted on January 6, 2022 during which the victim of the second degree battery provided an impact statement. The district court sentenced Defendant to five years in the custody of the Department of Corrections. Defendant now appeals, seeking review of his sentence. For the following reasons, we affirm Defendant's convictions, vacate Defendant's sentence, and remand the matter to the district court for resentencing.

## ASSIGNMENTS OF ERROR

On appeal, Defendant raises the following assignments of error:

> 1.  The trial court imposed only a single sentence of five years without specifying whether such applied to count one or count two and therefore the matter must be remanded for resentencing on both counts; there is a discrepancy between the sentencing transcript and the minute entry (as the minute entry states that the court imposed a five-year sentence on each of the counts);
>
> 2.  In the alternative, if it can be concluded that the trial court imposed the sentence of five years on count one (second degree battery), then defense counsel rendered ineffective assistance in failing to preserve for appeal the issue that the sentence is excessive; and
>
> 3.  [Defendant's] sentence of five years at hard labor for second degree battery is excessive under the circumstances.[2]

---

[2] Defendant does not raise sufficiency of evidence as an assignment of error on appeal. Nevertheless, out of an abundance of caution, we have reviewed the record to determine if the evidence was sufficient to support Defendant's convictions. The elements of second degree battery are: (1) the intentional use of force or violence upon the person of another, (2) without the consent of the victim, (3) when the offender has the specific intent to inflict serious bodily injury. *State v. Diaz*, 17-0324, p. 6 (La. App. 4 Cir. 9/6/17), --- So.3d ---, ---, 2017 WL 3887341, *12. In order to obtain a conviction for simple battery, the State must prove that the defendant intentionally used force or violence upon the victim without the victim's consent. *State v. Hernandez*, 96-0115, p. 3 (La. App. 4 Cir. 12/18/96), 686 So.2d 92, 95. In this case, the evidence established that Defendant struck both of the victims with his fist, and the victims did not consent to being struck. Defendant punched the victim of the second degree battery in the head with sufficient force to cause the victim to fall and hit the back of his head on the pavement, cracking his skull and knocking him unconscious and causing him to suffer a 98% hearing loss in his right ear, ringing in the ear, loss of balance, and memory loss. We find the evidence was sufficient to support Defendant's convictions for second degree battery and simple battery.

**DISCUSSION**

A review of the record reveals an error patent.[3] Defendant was convicted of two counts – Count 1, second degree battery, and Count 2, simple battery. The transcript reflects that Defendant was sentenced "to five years in the Department of Corrections," but does not specify for which count or counts the sentence applies. The minute entry reflects a five-year sentence was imposed on each of the two counts, with the sentences to run concurrently.

Generally, "[w]henever there is a discrepancy between the transcript and a minute entry, the transcript prevails." *State v. Bailey*, 12-1662, p. 6 (La. App. 4 Cir. 10/23/13), 126 So.3d 702, 706 (citing *State v. Lynch*, 441 So.2d 732, 734 (La. 1983)). In the case *sub judice*, the sentencing transcript is not clear, as it does not specify for which count or counts the five-year sentence applies.

Defendant argues that "[t]he trial court imposed only a single sentence of five years without specifying whether such applied to count one or count two and therefore the matter must be remanded for resentencing on both counts." The State contends that it is clear that the five-year sentence was imposed on Count 1 since simple battery carries a maximum sentence of six months, *see* La. R.S. 14:35(B), and a five-year sentence on Count 2 would therefore be illegal. Further, the victim of Count 1 provided a victim impact statement at the sentencing hearing, and in her reasons for sentencing, the district judge referred to the facts relating to Count 1, as well as the nature of the injuries sustained by the victim of Count 1. The State argues that the sentence on Count 1 should be affirmed, and the matter remanded for sentencing only as to Count 2.

---

[3] The error patent is raised by Defendant in his first assignment of error.

It is likely that the sentence imposed by the district court was for Count 1, as the State contends. However, we cannot assume this to be the case given the ambiguity in the transcript and the discrepancy in the minute entry. Accordingly, we remand the matter to the district court for resentencing on both counts. *See State v. Gordon*, 13-0495 (La. App. 4 Cir. 7/16/14), 146 So.3d 758.

## CONCLUSION

For the reasons discussed above, we affirm Defendant's convictions, vacate Defendant's sentence, and remand the matter to the district court for resentencing.[4]

**CONVICTIONS AFFIRMED; SENTENCE VACATED; AND REMANDED**

---

[4] This Court pretermits any discussion of the Defendant's remaining assignments of error.